IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER L. JEHNERT, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-10-1552 |
| G. LAWRENCE FRANKLIN, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Jennifer L. Jehnert ("Plaintiff") brings suit against G. Lawrence Franklin, Patrick G. McGee, Patricia A. Vale, and Robert L. Hanson (collectively "Defendants") under 42 U.S.C.A. § 1983, alleging violations of her Fourteenth Amendment rights to due process of law and equal protection. (Amend. Compl., ECF No. 15). Defendants move to dismiss Plaintiff's complaint on grounds of sovereign immunity, failure to state a claim, and collateral estoppel. (Def.'s Mot. Dismiss, ECF No. 22). The issues have been briefed and no oral argument is required. Local Rule 105.6. For reasons explained below, Defendant's Motion To Dismiss (ECF No. 22) is GRANTED, and Plaintiff's Amended Complaint (ECF No. 15) is ordered DISMISSED.

*I. Background*

*A. Facts*

From 1995 to 2008, Plaintiff was employed as a senior Agent by the Maryland Division of Parole and Probation ("DPP") in its Bel Air office. (Amend. Compl. 3, ECF No. 15). In December of 2007, she was assigned to supervise a parolee named Gerald Brookhart. *Id.* In April of that year, however, Plaintiff transferred Brookhart's supervision to another agent, allegedly on the ground that Plaintiff had learned that Brookhart knew her brother. *Id.*

1

Shortly thereafter, Brookhart was arrested and detained in the Atlantic County Detention Center in New Jersey. *Id* at 4. Plaintiff visited Brookhart four times during his detention, each time depositing money in his inmate account. (Def.'s Mot. Dismiss 3, ECF No. 22-1). Following one of Plaintiff's visits, Brookhart told a corrections officer that he and Plaintiff were dating. (Amend. Compl. 4, ECF No. 15). The officer's sergeant contacted DPP and relayed what Brookhart had said. *Id.*

DPP assigned supervisor Robert Hanson to investigate the alleged relationship. *Id.* Hanson visited the Detention Center, where he discovered records of Plaintiff's visits and of her deposits in Brookhart's account. (Def.'s Mot. Dismiss 3, ECF No. 22-1). Hanson also interviewed Brookhart, who denied having a relationship with Plaintiff and claimed he had lied to the guard to impress him. (Amend. Compl. 4, ECF No. 15). Finally, Hanson also interviewed Plaintiff, who initially denied having a relationship with Brookhart, but admitted to having sex with him once after Hanson produced the records of her visits to the Detention Center. *Id* at 4-5; (Def.'s Mot. Dismiss 3, ECF No. 22-1).

After the interview, DPP suspended Plaintiff from her duties and informed her that it would hold a mandatory mitigation conference on November 14, 2008. (Amend. Compl. 5, ECF No. 15). Plaintiff requested a postponement of the conference because her lawyer could not attend at the scheduled time. *Id.* But, Defendant Patricia Vale, DPP's Regional Administrator, refused to reschedule the conference, explaining that Plaintiff would not be allowed to have a lawyer present. *Id.*

At the mitigation conference, DPP Director Patrick McGee considered the results of Hanson's investigation as well as mitigating statements offered by Plaintiff, and concluded that Plaintiff had engaged in misconduct that justified termination. (Amend. Compl. 5-6, ECF No.

15); (Def.'s Reply 5, ECF No. 28).  He informed Plaintiff that she would be terminated, and declined to consider alternative sanctions.  (Amend. Compl. 6, ECF No. 15).  Plaintiff received formal notice of termination on November 19, 2008.  *Id* at 7.

### B. *Procedural History*

After receiving notice of termination, Plaintiff appealed the decision to the Secretary of the Department of Public Safety and Correctional Services.  *Id.*  Acting Secretary, Defendant G. Lawrence Franklin, upheld the termination.  *Id.*  In March of 2009, Plaintiff participated in a mediation conference with DPP before the Maryland Office of Budget and Management.  *Id.*  The matter was next referred to the Office of Administrative Hearings, where Plaintiff received a formal hearing before an administrative law judge on June 25, 2009.  (Def.'s Mot. Dismiss 4, ECF No. 22-1).  The ALJ upheld Plaintiff's termination, and Plaintiff sought judicial review of the decision in the Circuit Court for Cecil County.  (Amend. Compl. 2-3, ECF No. 15).  The Circuit Court affirmed the ALJ's decision.   Plaintiff now seeks further judicial review in this Court.

### C. *Complaint*

Plaintiff claims that Defendants violated her Fourteenth Amendment right to due process of law because they: (1) failed to conduct a thorough investigation of her alleged misconduct; (2) failed to give her a written list of charges before April 3, 2009; (3) failed to provide her with an evidentiary hearing prior to termination; (4) refused to allow her representation at the mitigation conference; (5) failed to provide her with an opportunity to appeal prior to referring the matter to the OAH by refusing to grant discovery; (6) failed to  inform her of their intent to participate by telephone in the mediation conference of March 4, 2009; (7) made comments at the initial

mitigation conference suggesting they had already reached the decision to terminate her; and (8) upheld the termination decision on appeal. (Amend. Compl. 7-10, ECF No. 15).

Plaintiff further claims that Defendants violated her Fourteenth Amendment right to equal protection because they: (1) failed to consult with a Fair Practices Officer to determine whether termination was consistent with previous dispositions of similar cases; (2) failed to consider that DPP's policy requiring authorization for social contact with parolees was not consistently enforced; and (3) upheld her termination on appeal. *Id* at 10.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff to submit a "short and plain statement of the claim showing that the pleader is entitled to relief," and a "short and plain statement of the grounds for the court's jurisdiction." In determining the complaint's sufficiency, the reviewing court must view all well-pled allegations as true and construe them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). But, if the plaintiff fails to allege enough facts to make the claim appear "plausible on its face," or if the court determines that it does not have subject matter jurisdiction, then it must dismiss the complaint. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007); *Arbaugh v. Y&H*, 546 U.S. 500, 514 (2006).

## III. Analysis

### A. Res Judicata

Defendant's argue, *inter alia*, that Plaintiff's claims are barred because the Circuit Court for Cecil County has already issued a decision based on the same set of facts. (Def.'s Mot. Dismiss 15, ECF No. 22). The Full Faith and Credit Clause of the U.S. Constitution, implemented by 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to

state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Construction,* 456 U.S. 461, 466 (1982). Since the decision at issue here was rendered by a Maryland court, this Court must look to the law of Maryland to determine whether Plaintiff's claim may proceed. *See Kutzik v. Young*, 730 F.2d 149, 151 (4th Cir. 1984).

Under Maryland law, a claim is *res judicata*[1] when: (1) there has been a final judgment on the merits in previous litigation (2) of the same cause of action (3) between the same parties or their privies. *Id* (citing *Alvey v. Alvey,* 171 A.2d 92, 94 (1961)). Neither party disputes that the parties to this suit are identical to those in the Circuit Court litigation or that the Circuit Court issued a final ruling on the merits. Plaintiff does contend, however, that this suit involves different subject matter than was before the Circuit Court.

Plaintiff misunderstands the meaning of "subject matter" in the context of *res judicata*. "The test in Maryland for determining the identity of the causes of action is whether the same evidentiary facts would sustain both suits." *Kutzik*, 730 F.2d at 151-152 (citing *MPC v. Kenny,* 367 A.2d 486, 489 (1977)). Here, the facts that were before the ALJ and the Circuit Court, and that are now before this Court, relate to Plaintiff's termination and the procedures employed therein. The subject matter is thus the same.

Furthermore, *Res judicata* bars not only those claims that were actually decided in earlier litigation, but also those claims that could properly have been brought in the same action. *Mettee v. Boone*, 247 A.2d 390 (Md. 1968). Maryland case law is explicit that this rule applies to a

---

[1] Defendants argue that collateral estoppel bars the Plaintiff from "re-litigating the facts surrounding her termination." (Def.'s Mot. Dismiss. 15, ECF No. 22). But, accepting another court's findings of fact would not determine whether those facts give rise to equal protection or due process claims, which is the issue before this Court. Rather, Defendants' argument more properly sounds in *res judicata*, which bars claims that were or could have been brought in earlier litigation. *See infra*. Additionally, both parties mistakenly focus on the decision of the ALJ; the relevant proceeding here is the judicial review of the ALJ's decision conducted by the Circuit Court. *See infra*.

circuit court's review of administrative agency decisions. *Lawrence N. Brandt v. Montgomery County Comm'n*, 383 A.2d 688, 694 (Md. Ct. Spec. App. 1978). Once an aggrieved party has obtained judicial review of agency action, she may not bring subsequent suits under different legal theories based on the same events. *See id.* She must put forward all claims that are within the court's jurisdiction in the first instance. *See id.* The part of the Maryland Code authorizing judicial review of OAH decisions explicitly vests circuit courts with jurisdiction to reverse decisions that, among other things, are unconstitutional. MD. CODE ANN., State Government, § 10-222(h)(3)(i) (West 2010). Plaintiff was therefore obligated to bring her due process and equal protection claims in the Circuit Court as part of the statutory appeals process. Since that litigation is now concluded, the claims are *res judicata* and barred.

### B. *Failure to State a Claim*

Although not the basis for its decision, the Court further notes that Plaintiff's claims are frivolous and without merit, and would be properly dismissed under Fed. R. Civ. P. 12(b)(6). The requirements of due process in the employment context are set out by the U.S. Supreme Court in *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532 (1985). If an employee is afforded a "full administrative hearing and judicial review," after termination, then the only pre-termination requirements are "notice and an opportunity to respond." *Id* at 545-546. The pre-termination hearing need not be a full-evidentiary hearing, *Id* at 545; notice may be oral, *Id*; and no formal list of charges is required, as long as the employee is aware of the conduct at issue. *Bowers v. Scurry*, 276 F.App'x 278 (4th Cir. 2008). Plaintiff has not alleged any facts suggesting that she was not aware of the conduct for which she was terminated, that she did not have an opportunity to respond prior to termination, or that she did not have full administrative and judicial review. Her due process claim is therefore meritless.

Similarly, "To state an equal protection claim under any theory, a plaintiff must plead sufficient facts to demonstrate that [s]he has been treated differently from others with whom [s]he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Herman v. Lackey*, 309 F.App'x 778 (4th Cir. 2009) (citing *Williams v. Hansen,* 326 F.3d 569, 576 (4th Cir.2003)) (internal quotation marks omitted). A plaintiff must furthermore "negate 'any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Kirby v. Elizabeth City,* 388 F.3d 440, 448 (4th Cir.2004) (quoting *Bd. of Trustees v. Garrett,* 531 U.S. 356, 367 (2001)). The only relevant facts that Plaintiff has alleged are that a single DPP employee, Susan White, had relationships with two parolees and was neither disciplined nor required to obtain authorization. (Pl.'s Answer Def.'s Mot. Dismiss 13, ECF No. 25). Even assuming that this allegation shows different treatment of similarly situated employees, plaintiff still has done nothing to show intentional discrimination or the absence of a rational basis for DPP's actions. Therefore, her equal protection claim is also meritless.[2]

## IV. Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss (ECF No. 22) is GRANTED, and Plaintiff's Amended Complaint (ECF No. 15) is DISMISSED.

Dated:      February 1, 2011             /s/
                                         James K. Bredar
                                         United States District Judge

---

[2] Because the Court observes that Plaintiff has failed to allege any constitutional violation, there is no need to reach the issue of qualified immunity.